## PECAR *v.* GLAVIN.

1. APPEAL AND ERROR—FRAUD—OIL AND GAS LEASE—RECORD.

Appeal from order dismissing action for fraud in sale of interest in oil and gas lease is dismissed, where record presented does not include the lease, plaintiff's answer to defendant's motion ·to dismiss was not accompanied by a supporting affidavit, and no testimony taken to enable trial court or Supreme Court to determine questions plaintiffs have brought up (Court·Rules No 18, § 3; No 67, § 6; No 70, § 5 [1945]).

2. COSTS—DISMISSAL OF APPEAL.

No costs are allowed on dismissal of appeal from order dismissing action, where neither the record filed on appeal nor appellant's appendix presents a sufficient basis to permit a determination of the case on the merits (Court Rules No 18, § 3; No 67, § 6; No 70, § 5 [1945]).

Appeal from Wayne; Gilmore (Horace W.), J. Submitted June 8, 1962. (Docket No. 33, Calendar No. 49,465.) Appeal dismissed September 10, 1962.

Case by Leroy H. Pecar and Ann M. Pecar against Clem Glavin, doing business as Glavin Oil Company, for fraud in sale of oil and gas lease. Cause dismissed on motion. Plaintiff appeals. Appeal dismissed.

*Orville F. Sherwood* and *James C. Worth,* for plaintiffs.

*Cozadd & Shangle (Charles B. Cozadd,* of counsel), for defendant.

Per Curiam. Plaintiffs sued defendant for damages, alleging fraud and duly precedent rescission. The subject matter of the alleged fraud is referred to in the declaration as a "certain oil and gas lease" of Isabella county property. The lease, according to the declaration, named Central Michigan Oil Company as lessee. It was recorded in Isabella county ‹ and, according to the declaration, was "owned" by defendant at the time of the presently outlined transaction.

Plaintiffs alleged that defendant fraudulently induced them to purchase his interest in the lease by assignment for which they paid him $12,000; that the lease turned out worthless, and that they are entitled to recover from defendant the amount so paid. Defendant moved to dismiss, assigning expiration prior to suit of the 2-year period of limitation set forth in CL 1948, § 451.120 (Stat Ann 1959 Rev § 19.760). Plaintiffs countered with allegation that the mentioned lease did not constitute a "security" within meaning of the cited statute. The presiding judge granted defendant's said motion without opinion (so far as the record discloses). Plaintiffs appeal.

The original record does not include the lease. Neither does the appellant's appendix. No stipulation respecting its construable content is made to appear. Plaintiffs' answer to defendant's said motion came into court with no supporting affidavit per indicative requirement of Court Rule No 18, § 3 (1945). And no testimony was taken upon which the court below and this Court in turn might judge and determine fairly the question or questions plaintiffs have brought up.

The appeal is dismissed. See Court Rule No 67, § 6 (1945)* and author's comment thereunder (Hon-

---

* As added and amended. See 347 Mich xxii and 355 Mich xiv.—
Reporter.

igman, Michigan Court Rules Annotated, 1959 pocket supp., pp 197–199); also Court Rule No 70, § 5 (1945).* No costs.

Carr, C. J., and Dethmers, Kelly, Black, Souris, and Adams, JJ., concurred.

Kavanagh and Otis M. Smith, JJ., did not sit.

---

* As added.  See 347 Mich xxviii.—Reporter.